UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDA SIROIS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 05-2848** |
| **NEWMAR CORPORATION** | **SECTION "L" (3)** |

## ORDER AND REASONS

Before the Court is the Defendant's Motion for Partial Summary Judgment (Rec. Doc. 12). For the following reasons, the Defendant's motion is DENIED.

On April 2, 2004, Linda Sirois ("Plaintiff"), a sixty-four year old widower, purchased a 2004 Newmar Corporation Dutch Star motorhome from Dixie RV Super Stores ("Dixie") in Hammond, Louisiana. The Plaintiff completed a Purchase Order Form and Purchase Agreement which stated a price of $202,513.19 plus tax. Dixie forwarded the production order to Newmar Corporation ("Defendant"), which manufactured the motorhome.

After the purchase, the Plaintiff allegedly experienced numerous problems with the vehicle. One problem was that the windshield wipers would allegedly turn on unexpectedly from time to time. The most significant problem, however, was with the hydraulic jack leveling system on the vehicle. The motorhome has four leveling jacks and there is an electronic switch that is supposed to raise and lower the vehicle at the press of a button.

The Plaintiff alleges that the jack system has failed to work on every single trip she has taken in the motorhome. Specifically, the Plaintiff alleges that at least two of the four jacks get stuck and fail to retract when she attempts to lower the vehicle. The Plaintiff cannot use the vehicle when the jacks are in the lowered position, and alleges that a very loud alarm sounds if



she tries to use it when the jacks are lowered. She points out that she brought the vehicle back to the dealer on several occasions for repairs, but that notwithstanding these repairs the jacks continue to malfunction. The Plaintiff stated in her deposition that she no longer has confidence in the vehicle and does not feel safe in it. The Plaintiff argues that the vehicle is unfit for its intended purpose and seeks rescission of the sale, return of the purchase price, and damages, costs, and attorney's fees resulting from the defect.

In its motion for partial summary judgment, the Defendant argues that the defect in this case, if there is in fact a defect, is only minor and thus is not redhibitory as a matter of law. The Defendant therefore asks the Court to dismiss the Plaintiff's claim for rescission.

The Defendant argues that the electronic jack system is merely a convenience and not integral to the use of the vehicle since there is a manual override feature that the Plaintiff could use to lower the vehicle. Moreover, the Defendant asserts that a completely new jack system could be installed for several thousand dollars. The Defendant also argues that the Plaintiff has gone on all of her planned trips, and that she has not had to pay for any repairs. Lastly, the Defendant argues that the Plaintiff improperly puts down the jacks during storage to "take load off the tires." The Defendant has pled misuse, neglect, improper maintenance by the Plaintiff, and failure to mitigate as defenses.

Under Louisiana Civil Code Article 2520, a defect is redhibitory "when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect." A defect is also redhibitory "when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price." The former type of

redhibitory defect entitles the buyer to rescission of the sale; the later limits the right of a buyer to a reduction of the sale price.

The Court may grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. In deciding a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

Accordingly, the Court finds that there are genuine issues of fact regarding the nature of the defect in this case, and therefore summary judgment is inappropriate. The Court cannot determine as a matter of law whether or not the faulty jack system renders the motorhome "useless, or so inconvenient" that a reasonable buyer would not have bought it had they known of the defect. Therefore, IT IS ORDERED that the Defendant's motion is DENIED.

New Orleans, Louisiana, this 2nd day of October, 2006.

UNITED STATES DISTRICT JUDGE